UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20284-BLOOM/Otazo-Reyes**

GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK, *a/s/o Paramount Miami WorldCenter
Condominium Association, Inc.*,

    Plaintiff,

v.

SUPERIOR LANDSCAPING AND LAWN
SERVICES, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO EXTEND
<u>JOINT SCHEDULING REPORT DEADLINES</u>**

**THIS CAUSE** is before the Court upon the Joint Motion to Extend Joint Scheduling Report Deadlines, ECF No. [20] ("Motion"), filed on October 5, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On February 17, 2021, the parties filed their Joint Scheduling Report, ECF No. [9], and the Court entered its Scheduling Order, ECF No. [10], setting the applicable deadlines in this case, including a deadline to amend the pleadings, disclose expert and rebuttal reports, complete discovery and mediation, and file dispositive and pretrial motions. The Court also scheduled calendar call and set this case for trial during the Court's two-week trial calendar beginning on February 28, 2022. *Id.*  The parties now "jointly wish to extend the deadlines and file an Amended

Joint Scheduling Report" because they "have been unable to complete depositions or schedule mediation" in this matter.[1] *Id.* ¶¶ 2-3.

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). District courts are required to enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Such orders 'control the subsequent course of the action unless modified by a subsequent order,' . . . and may be modified only 'upon a showing of good cause.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b), (e)). Once a Scheduling Order has been entered, the excusable neglect standard from Rule 6 is no longer applicable. *Id.* at 1418 n.2. The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (citations and internal quotations omitted).

The parties have failed to establish good cause for the requested extension of the Court's Scheduling Order deadlines. At no point in the Motion do the parties explain why they were unable to take depositions in this case, or otherwise demonstrate that they have exercised diligence in any respect regarding the deadlines in this case, which have been in place since February 17, 2021.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [20]**, is **DENIED**.

---

[1] Contrary to their representation, the record reflects that the parties attended mediation on August 16, 2021. *See* ECF Nos. [16] & [19].

2

Case No. 21-cv-20284-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record